IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRYAN D. JOHNSON                                                                         PETITIONER


v.                                     Case No. 5:06CV00317 GH-JFF


LARRY NORRIS, Director,
Arkansas Department of
Correction                                                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.     Why the record made before the Magistrate Judge is inadequate.

      2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite 402
      Little Rock, AR 72201-3325

## DISPOSITION

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed without prejudice so that Petitioner can exhaust his state remedies.

In 1996, Petitioner was charged in Arkansas County Circuit Court with delivery of a controlled substance (cocaine), possession of cocaine with intent to deliver, simultaneous possession of drugs and firearms, unlawful discharge of a firearm from a vehicle, three counts of felon in possession of a firearm, escape in the second degree, and possession of drug paraphernalia. On January 18, 2000, a guilty plea hearing was held in circuit court. At the time of the hearing, Petitioner was on parole on a thirty-six month sentence imposed

in Arkansas County Circuit Court. Petitioner appeared at the hearing with a public defender, Dennis Molock. Mr. Molock stated that he was originally appointed to represent Petitioner on six felony counts, but had conflicts in three or four of the counts. Guilty Plea Hearing Transcript, Case Nos. CR-96-63, CR-96-139, CR-96-193, CR-96-224, and CR-96-226, p. 125.  He stated that he had been relieved as counsel in all of Petitioner's cases. Tr. 125.  Mr. Molock also stated that Petitioner currently was either without counsel or at least had a petition pending to relieve Ms. Tadlock as his counsel. Tr. 125.  Mr. Molock stated that Petitioner and the prosecution had agreed upon a plea and that Molock had gone over the plea agreement with Petitioner. Tr. 125.  Mr. Molock stated that he was confident that Petitioner understood the provisions of the plea agreement. Tr. 125. Petitioner stated that he understood that he was entitled to a lawyer, but was waiving his right to a lawyer.  Tr. 126-127.  Petitioner indicated that he wanted to change his plea to guilty on the following charges: delivery of a controlled substance, possession of cocaine with intent to deliver, unlawful discharge of a firearm from a vehicle, and simultaneous possession of drugs and firearms. Tr. 127. Petitioner stated that he understood that in exchange for his plea of guilty, the State had agreed to (1) recommend a sentence of 360 months' imprisonment on each count, to be served concurrently with each other and with his thirty-six month sentence, and (2) dismiss the other charges.  Tr. 128.  The circuit court noted that the plea was conditional pursuant to Ark. R. Crim. P. 24.3, with Petitioner reserving all issues raised at the suppression hearing. Tr. 128.  Petitioner stated to the court that no one had promised him anything or threatened him with anything in order to get him to change his plea to guilty.  Tr. 129.  Petitioner stated that he was guilty of "these four charges."  Tr. 129. After a discussion regarding the appeal bond, the hearing

concluded. Tr. 129-130.

On March 18, 2003, the circuit court entered a judgment and commitment sentencing Petitioner to 360 months' imprisonment on his convictions for delivery of a controlled substance, possession of cocaine with intent to deliver, unlawful discharge of a firearm from a vehicle, and simultaneous possession of drugs and firearms. The circuit court ran the sentences concurrently. The judgment and commitment order did not indicate whether Petitioner's 360-month sentence was to run concurrently or consecutively with his thirty-six month sentence. On March 6, 2006, the circuit court entered an amended judgment and commitment order, sentencing Petitioner to the same sentences as in the initial judgment and commitment order.  However, instead of reflecting that the offense of simultaneous possession of drugs and firearms was a Class D felony as in the initial judgment and commitment order, the amended judgment and commitment order, consistent with Arkansas law, indicated that the offense was a Class Y felony. See Ark. Code Ann. § 5-74-106 (Repl. 1997) (simultaneous possession of drugs and firearms is a Class Y felony). On or about March 8, 2006, Petitioner was transported to the Arkansas Department of Correction (ADC) to begin serving his 360-month sentence.

On June 5, 2006, Petitioner, while incarcerated at the East Arkansas Regional Unit in Lee County, Arkansas, filed a *pro se* habeas corpus petition in Lee County Circuit Court, alleging that the trial court lacked jurisdiction and that he was being held pursuant to an invalid conviction.  In support of this contention, he alleged, *inter alia*, that (1) the judgment and commitment order was not filed until March 6, 2006, over six years after his entered his plea of guilty, and (2) his 360-month sentence was to run concurrently with his thirty-six month sentence.  On June 15, 2006, the circuit court denied the petition, finding that it had

no jurisdiction to correct an alleged incorrect sentence and that any request to correct an alleged incorrect sentence should be filed in Arkansas County Circuit Court. Petitioner did not appeal from the circuit court's order denying the petition.

On July 6, 2006, Petitioner filed a *pro se* "Motion for Relief from Judgment" in Arkansas County Circuit Court alleging that he was being held unlawfully pursuant to an invalid conviction. In support of this contention, Petitioner alleged, *inter alia*, that:

1. The judgment and commitment order was not filed or recorded until March 6, 2006, over six years after his guilty plea was entered;

2. Petitioner's 360-month sentence was to run concurrently with his thirty-six month sentence;

3. The prosecutor should have never been allowed to make a plea agreement with Petitioner without appointed counsel being present;

4. Ms. Tadlock was still Petitioner's appointed attorney as she had not been relieved as his counsel;

5. Dennis Molock had a conflict of interest, but was allowed to represent Petitioner during the plea proceedings;

6. While Petitioner was on parole and out on bond, "time should have commenced to run the day Petitioner was sentenced, not the day the Petitioner arrived at the Department of Corrections"; and

7. Petitioner was placed in the ADC over six years after his guilty plea due to unconstitutional prosecutorial delay.

For relief, Petitioner requested that the criminal convictions against him be dismissed "with an absolute bar to prosecution."

On August 17, 2006, Petitioner filed a notice of appeal from "the final Order of the Circuit Court of Arkansas, County, entered on A.C.A. Rule 33.3(c)." In a letter to the circuit clerk, Petitioner stated that because the circuit court did not rule on his motion for relief from judgment within thirty days after he filed the motion, it was deemed denied on the 30th

day under Rule 33.3.(c) of the Arkansas Rules of Criminal Procedure.[1] On August 21, 2006, the circuit court appointed the public defender to represent Petitioner.  A hearing on Petitioner's motion for relief from judgment was held in circuit court on September 11, 2006.  Petitioner was represented at the hearing by Dennis Molock, a public defender. Transcript of Hearing, September 11, 2006, p. 236.   Mr. Molock stated that Petitioner's motion for relief from judgment "takes issue with his having been sentenced and being incarcerated without having been before the Court for formal sentencing proceedings." Tr. 239.  Mr. Molock stated that because no action was taken on Petitioner's motion for relief from judgment within thirty days after the motion was filed, it was deemed denied under Rule 33.3.(c). Tr. 240.   Mr. Molock stated that Petitioner wished to appeal the denial and did not want an evidentiary hearing to explore the merits of his motion. Tr. 240-241. In an order filed on October 13, 2006, the circuit court found that Petitioner objected to an evidentiary hearing being conducted and ordered that the relief requested by Petitioner in his motion for relief from judgment "shall be deemed denied pursuant to the provisions of Rule 33.3.(c) and that defendant may pursue his appellate remedies."

On October 9, 2006, Dennis Molock, of behalf of Petitioner, filed a notice of appeal from "the denial by the Circuit Court of Arkansas County on the 11th day of September,

---

[1] Rule 33.3(c) provides:

> Upon the filing of a posttrial motion or application for relief in the trial court, the time to file a notice of appeal shall not expire until thirty (30) days after the disposition of all motions or applications. If the trial court neither grants nor denies a posttrial motion or application for relief within thirty (30) days after the date the motion or application is filed, the motion or application shall be deemed denied as of the 30th day.

2006 on defendant's Motion for Relief from the Judgment." By an order filed on October 17, 2006, the circuit court found that Petitioner had retained Christina Boyd as his counsel and relieved "the Public Defender" as counsel for Petitioner.

On November 15, 2006, the circuit clerk sent a letter to Christina Boyd notifying her that the appeal transcript was ready to be picked up at the Circuit Clerk's Office in Stuttgart, Arkansas. The appeal transcript was never tendered to the Arkansas Supreme Court.

On or about November 30, 2006, Petitioner filed his habeas petition in this Court. He has raised the following grounds for relief:

1. His conviction and 360-month sentence are unlawful and void because the circuit judge never pronounced the sentence in open court, but instead entered the sentence on the record on March 6, 2006, without his being present;

2. His 360-month sentence is not in "concession with" the plea agreement and transcript, which reflect that the sentence was to run concurrently with his thirty-six month sentence;

3. The trial court never brought him back before the court and advised him of his right to affirm or withdraw his plea before entry of judgment; and

4. He was denied due process and his right to speedy sentencing because over six years after he entered his plea of guilty, he was placed in the ADC to begin serving his 360-month sentence.

The Respondent contends that Petitioner's claims are procedurally barred. The Magistrate Judge declines to find that Petitioner's claims are procedurally barred as it appears that he has state remedies available to assert his claims.

"A federal habeas petitioner must exhaust state remedies before he can obtain federal habeas relief." *Carey v. Saffold*, 536 U.S. 214, 220 (2002); 28 U.S.C. §

2254(b)(1)(A). "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A petitioner has not exhausted his state remedies as long as "he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *Carey v. Saffold*, 536 U.S. at 220. Compliance with the exhaustion requirement will be excused if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) and (ii); *Lines v. Larkins*, 208 F.3d 153, 162 (3d Cir. 2000). The petitioner has the burden to show that all available state remedies have been exhausted with respect to every claim in his habeas petition or that exceptional circumstances exist, such as "state remedies are inadequate or fail to afford a full and fair adjudication of federal claims, or . . . exhaustion in state court would be futile." *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998). "Only after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims even if fairly presented will the exhaustion requirement be disregarded as futile." *Eaton v. Wyrick*, 528 F.2d 477, 482 (8th Cir. 1975); *Smittie v. Lockhart*, 843 F.2d 295, 297 (8th Cir. 1988).

In *Jolly* v. State, 358 Ark. 180, 189 S.W.3d 40 (2004), the defendant plead guilty in circuit court to rape. Over five years after the defendant entered his plea, the circuit court entered an order sentencing the defendant to twenty-four years' imprisonment. Petitioner appealed to the Arkansas Supreme Court from the circuit court's order and argued that the

court's decision to sentence him more than five years after he entered his guilty plea violated his right to speedy trial under the Sixth Amendment to the United States Constitution. The Arkansas Supreme Court agreed and vacated the circuit court's order. *Id.* at 188-197, 189 S.W.3d at 43-49.

In *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003), the defendant plead guilty in circuit court to three separate felonies pursuant to a plea agreement. In open court, the circuit court pronounced judgment, which was five years' imprisonment on each count, the sentences to be served concurrently. The circuit court subsequently held a resentencing hearing. After the hearing, the court entered a judgment and commitment order sentencing the defendant to five years' imprisonment on each count, the sentences to be served consecutively. The defendant appealed from the order to the Arkansas Supreme Court. For reversal, he argued that the circuit court erroneously sentenced him to consecutive sentences in violation of the plea agreement and the pronouncement of sentence in open court and that he was not advised, in violation of Ark. R. Crim. P. 25.3(b), that he could withdraw his negotiated plea. The Arkansas Supreme Court rejected the State's argument that the defendant was barred from appealing the matter because he plead guilty. The Supreme Court noted that in *Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994), the Court concluded that errors that occur in the sentencing proceeding itself can be appealed. *Bradford,* 351 Ark. at 400, 94 S.W.3d at 908. The Supreme Court held that the *Hill* reasoning was applicable because the sentencing hearing took place separate and apart from the guilty plea and proceeded to decide the case on the merits. *Id.* The Court first considered the defendant's argument that the circuit court erroneously sentenced him to

consecutive sentences in violation of the plea agreement and the pronouncement of sentence in open court. The Supreme Court concluded that a judgment and commitment order is not effective until entered of record and that the circuit court was well within its authority to modify the sentence pronounced in open court prior to entry of judgment. *Id.* at 400-02, 94 S.W.3d at 909. The Court next considered the defendant's argument that he was not advised, in violation of Ark. R. Crim. P. 25.3(b), that he could withdraw his negotiated plea. The Supreme Court held that the circuit court failed to comply with its duty to advise the defendant, pursuant to Rule 25.3(b), of his right to affirm or withdraw his guilty plea in open court and reversed and remanded the case for the circuit court to follow the mandates of Rule 25.3(b). *Id.* at 402-403, 94 S.W.3d at 909.

In his habeas corpus petition, Petitioner has raised the following claims: He was sentenced pursuant to the judgment and commitment order entered March 6, 2006, without his being present; his 360-month sentence is not in concession with the plea agreement and transcript, which reflect that the sentence was to run concurrently with his thirty-six month sentence; the trial court never brought him back before the court and advised him of his right to affirm or withdraw his plea before entry of judgment; and he was denied his constitutional right to speedy sentencing. In light of *Jolly* and *Bradford*, Petitioner's claims appear to be cognizable in a direct appeal from the amended judgment and commitment entered on March 6, 2006, sentencing Petitioner to 360 months' imprisonment. Petitioner did not perfect a direct appeal from the amended judgment and commitment order entered on March 6, 2006, by filing a timely notice of appeal. Where a defendant fails to perfect an appeal by filing a notice of appeal, he may file a motion for belated appeal with the


Arkansas Supreme Court within eighteen months of the date of entry of judgment pursuant to Rule 2(e) of the Arkansas Rules of Appellate Procedure-Criminal. *McDonald v. State*, 356 Ark. 106, 112, 146 S.W.3d 883, 888 (2004); *Crossno v. State*, 2007 Ark. LEXIS 59 at ** 2-3 (Ark. Jan. 25, 2007). A criminal defendant may seek relief under Rule 2(e) when he is not at fault for failing to perfect the appeal and he shows "good reason." *McDonald*, 356 Ark. at 112, 146 S.W.3d at 888; *Lawson v. State*, 2006 Ark. LEXIS 439 at * 1 (Ark. Sept. 14, 2006). Good reason can be demonstrated where the defendant's attorney failed to file a timely notice of appeal. *McDonald*, 356 Ark. at 113, 146 S.W.3d at 889.

Petitioner's time for filing a motion for belated appeal has not expired, and it appears that he may have "good reason" based on counsel's failure to file a notice of appeal. The Court notes that while Petitioner indicated at the plea hearing that he was waiving the right to counsel, he was, in fact, represented by counsel, Mr. Molock, at the hearing. Furthermore, at the time of the hearing, his appointed counsel, Ms. Tadlock, apparently had not been allowed to withdraw as his counsel. In any event, any waiver by Petitioner appears to be limited to the guilty plea hearing and not to sentencing, appeal, or to any other proceedings. A defendant has a constitutional right to counsel during plea proceedings, sentencing proceedings, post-trial proceedings, and first-tier appeals from guilty pleas. *United States v. Tovar*, 541 U.S. 77, 87 (2004) (plea proceedings); *Mempa v. Ray*, 389 U.S. 128, 134-37 (1967) (sentencing proceedings); *Dawan v. Lockhart*, 980 F.2d 470, 474 (8th Cir. 1992) (post-trial proceedings); *Halbert v. Michigan*, 545 U.S. 605, 610, 616-623 (2005) (first-tier appeals from guilty pleas). The Due Process and Equal Protection Clauses require the appointment of counsel for defendants in first-tier appeals from guilty

pleas. *Halbert v. Michigan*, 545 U.S. at 610, 616-623. In addition, Rule 16 of the Arkansas Rules of Appellate Procedure–Criminal provides: "Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause." "It is well settled that under no circumstances may an attorney who has not been relieved by the court abandon an appeal." *Holland v. State*, 358 Ark. 366, 368, 190 S.W.3d 904, 905 (2004).

The Magistrate Judge also finds that Petitioner's claims appear to be cognizable in an appeal from the denial of Petitioner's motion for relief from the amended judgment and commitment order. *Seibs v. State*, 357 Ark. 331, 334, 166 S.W.3d 16, 17 (2004) (a defendant who pleads guilty may appeal from the denial of a post-trial motion challenging the validity and legality of the sentence itself); *Bradford*, 351 Ark. at 399, 94 S.W.3d at 907 (a defendant may appeal from a post-judgment motion to amend an incorrect or illegal sentence following a guilty plea). Petitioner filed a timely notice of appeal from deemed denied date of his motion for relief from judgment. Subsequently, Petitioner's retained counsel, Christina Boyd, did not perfect the appeal by tendering the transcript to the Arkansas Supreme Court. Where counsel fails to perfect an appeal by tendering the transcript to the Supreme Court, the defendant may proceed with an appeal by filing a motion for rule on clerk to lodge the transcript pursuant to Rule 2-2 of the Arkansas Supreme Court Rules. *Holland*, 358 Ark. at 367-68, 190 S.W.3d at 905-06; *McDonald*, 356 Ark. at 112, 146 S.W.3d at 888; *Waddle v. State*, 356 Ark. 501, 504-05,156 S.W.3d 226, 227-28 (2004).

It should be noted that there is some question as to the timeliness of Petitioner's motion for relief from judgment. If the motion is treated as a post-trial motion pursuant to Ark. R. Crim. P. 33.3, the Arkansas Supreme Court may deem it untimely. A post-trial motion pursuant to Rule 33.3 must be filed within thirty days after entry of judgment. Ark. R. Crim. P. 33.3(b). Petitioner did not file his motion until about four months after entry of the amended judgment and commitment order. However, lack of counsel or counsel's ineffectiveness likely was the cause of any failure by Petitioner to timely file his motion for relief from judgment. Just as the Lee County Circuit Court treated Petitioner's state habeas corpus petition as a motion to correct illegal sentence and dismissed it, the Arkansas Supreme Court could treat Petitioner's motion for relief from judgment as a state habeas corpus petition. Allegations of a void or illegal sentence are cognizable in state habeas corpus. See *Taylor v. State*, 354 Ark. 450, 455, 125 S.W.3d 174, 178 (2003). There is no time limit for filing a state habeas corpus petition. *Renshaw v. Norris*, 337 Ark. 494, 499, 989 S.W.2d 515, 518 (1999).

While the Magistrate Judge cannot say with absolute certainty that a belated appeal from the amended judgment and commitment order sentencing Petitioner to 360 months' imprisonment and an appeal from the denial of his motion for relief from judgment are available, non-futile remedies for his claims, "where it is unclear under state law that state procedures are available to the petitioner to raise his claims in state court," a federal district court should require exhaustion in order to allow the state court the opportunity to resolve the uncertainty. *See Victor v. Hopkins*, 90 F.3d 276, 277-83 (8th Cir. 1996); *Feeney v. Auger*, 808 F.2d 1279, 1282-83 (8th Cir. 1986) (where it is unclear whether a state remedy

is available, "the better course is to . . . allow petitioners to obtain from the state courts a definitive decision whether a state postconviction remedy is still open"); *Woods v. Kemna*, 13 F.3d 1244, 1245-46 (8th Cir. 1994) (requiring the petitioner, who had exhausted his ordinary state remedies of direct appeal, post-conviction motions, and state habeas, to exhaust a "rarely available" state remedy, a motion to the Supreme Court of Missouri to recall the mandate, finding that he had the "real possibility" of qualifying for relief pursuant to the remedy). "Whether a state remedy is presently available is a question of state law as to which only the state courts may speak with final authority." *Simpson v. Camper*, 927 F.2d 392, 393 (8th Cir. 1991); *Thomas v. Wyrick*, 622 F.2d 411, 414 (8th Cir. 1980).

The Magistrate Judge finds that Petitioner has not exhausted his state court remedies. In so finding, it is important to note that after the Arkansas Supreme Court resolves Petitioner's direct appeal, he may have post-conviction remedies, including Rule 37, a motion to correct illegal sentence, and state habeas corpus to assert his current claims or other claims. Ark. R. Crim. P. 37.1 ("a petitioner in custody under sentence of a circuit court claiming a right to be released . . . on the ground . . . that the sentence was imposed in violation of the Constitution and laws of the United States or this state . . . may file a verified petition in the court which imposed the sentence [within sixty days of the date the mandate was issued by the appellate court or of the date the appeal was dismissed], praying that the sentence be vacated or corrected"); *Lowery v. State*, 297 Ark. 47, 48, 759 S.W.2d 545, 546 (1988) (a motion to correct illegal sentence is the appropriate remedy for a defendant's claim that the circuit court denied him his constitutional right to be present at sentencing by entering an order imposing sentence without his being present); *Taylor*,

354 Ark. at 455, 125 S.W.3d at 178 (allegations of a void or illegal sentence are cognizable in state habeas corpus).

The only question remaining is whether Petitioner's habeas corpus petition should be dismissed or stayed and held in abeyance pending his exhaustion of state remedies. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on the filing of a federal habeas petition. 28 U.S.C. § 2244(d)(1). The AEDPA provides in pertinent part that a prisoner must file a petition for habeas corpus relief within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005) (citing *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)). If a petitioner files a timely but mixed habeas petition (a petition containing both exhausted and unexhausted claims) in federal district court and the court, after the one-year limitations period has expired, dismisses the petition without prejudice so that the petitioner can exhaust his state remedies, this likely will result in the petitioner's claims being time-barred when he refiles his petition after exhaustion. *Rhines v. Weber*, 544 U.S. at 275. "Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim." *Id.* In order to solve this problem, the United States Supreme Court in *Rhines v. Weber* held that a federal district

court may, in limited circumstances, stay a mixed habeas petition and hold it in abeyance while the petitioner exhausts his state court remedies. *Id.* at 277-78.

First of all, it is doubtful that the stay and abeyance procedure is available where, as here, the habeas petition contains only unexhausted claims. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (declining to extend *Rhines*' stay and abeyance procedure to a habeas petition containing only unexhausted claims, but the record showed that there were unexhausted claims that could have been included, and concluding that once a district court determines that a petition contains only unexhausted claims, it need not inquire further as to the petitioner's intention, but may simply dismiss the petition for failure to exhaust); *Carpenter v. Reynolds*, 212 F. Supp. 2d 94, 98 (E.D.N.Y. 2002) (holding that because the petitioner's habeas petition contained only unexhausted claims, the court had no basis to retain jurisdiction and stay the petition while the petitioner pursued exhaustion); *Draheim v. Harry*, 2005 U.S. Dist. LEXIS 27472 at * 7 (W.D. Mich. Oct. 25, 2005) (concluding that the stay and abeyance procedure does not apply to a habeas petition containing only unexhausted claims).  Secondly, it would not serve the purpose of the stay and abeyance procedure, *i.e.*, to prevent a habeas petition from being time barred on refiling after exhaustion, to employ the procedure in this case.  The AEDPA's statute of limitations will not begin to run until (i) the conclusion of Petitioner's direct criminal appeals, followed by either the completion or denial of *certiorari* proceedings before the United States Supreme Court; or (ii) if *certiorari* is not sought, then by the conclusion of his direct criminal appeals, followed by the expiration of the time allotted for filing a petition for the writ of *certiorari*. *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998); *Nichols v.*

*Bowersox*, 172 F.3d 1068, 1071-72 (8th Cir. 1999). Any time spent by Petitioner pursuing properly filed state-conviction petitions will toll the statute of limitations. If Petitioner promptly exhausts his remedies on direct appeal, promptly and properly files a state post-conviction petition or petitions after his appeals are resolved, and then promptly files his federal habeas petition after the exhaustion of his state post-conviction remedies, the statute of limitations will not bar his habeas petition. Furthermore, even if the statute of limitations were to impose an obstacle upon refiling, equitable tolling might well be appropriate. See *McCabe v. Pennsylvania*, 419 F. Supp. 2d 692, 697 (E.D. Pa. 2006).

In conclusion, the Magistrate Judge finds that the stay and abeyance procedure should not be applied in this case and recommends that Petitioner's petition for writ of habeas corpus be dismissed without prejudice so that he can exhaust his state remedies.

Petitioner has filed a motion for default judgment (docket entry # 8), asserting that the Respondent has exceeded the time required to file a response. On December 8, 2006, the Court directed the Respondent to file an answer to Petitioner's habeas petition within twenty days. On December 22, 2006, the Respondent filed a motion for extension of time until January 31, 2007, to file a response to Petitioner's habeas petition. On December 28, 2006, the Court granted the Respondent's motion for extension of time. On January 8, 2007, the Respondent filed his response to Petitioner's habeas corpus petition.

Although the Respondent filed his response to Petitioner's habeas corpus petition within the time allowed by the Court, it does not matter whether his response was timely or untimely. A respondent's failure to timely respond to a federal habeas corpus petition does not entitle the petitioner to a default judgment. *Allen v. Perini*, 424 F.2d 134, 138 (6th

Cir. 1970); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987); *Bermudez v. Reid*, 733 F.2d 18, 21-22 (2d Cir. 1984); *Stines v. Martin*, 849 F.2d 1323, 1324-25 (10th Cir. 1988). Accordingly, the Magistrate Judge recommends that Petitioner's motion for default judgment be denied.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus be dismissed without prejudice so that he can exhaust his state remedies. The Magistrate Judge further recommends that Petitioner's motion for default judgment be denied.

Dated this 6th day of March, 2007.


       /s/ John F. Forster, Jr.      
UNITED STATES MAGISTRATE JUDGE